IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-14-0522 |
| ANTWAN TRAVERS, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM ORDER

In August of 2015, Defendant Antwan Travers ("Travers" or "Defendant") pled guilty to Conspiracy to Commit Hobbs Act Robbery and Commission of Hobbs Act Robbery, both in violation of 18 U.S.C. § 1951(a). (ECF No. 59.) This plea was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (ECF No. 60.) The plea agreement specifically stated that the Government and the Defendant agreed upon a sentence in the range of 180 to 240 months (15-20 years). (*Id.*) In accordance with that agreement, on November 12, 2015, this Court sentenced Travers to 180 months with credit for time served in Federal custody since December 11, 2014. (ECF No. 83.) Nevertheless, the Defendant appealed his sentence on November 18, 2015. (ECF No. 86.) However, that appeal was voluntarily dismissed on February 9, 2016. (ECF No. 96.)

Presently pending is the Defendant's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 118) in which he seeks immediate release from custody. Travers asserts that his age (fifty years old) and certain health factors make him particularly vulnerable to COVID-19. (*Id.*) However, even if Travers can show extraordinary and compelling reasons which would allow this Court to consider his request for relief, analysis

1

under the sentencing factors provided in 18 U.S.C. § 3553(a) does not support a reduction in his sentence. For the reasons that follow, Travers' Motion for Compassionate Release (ECF No. 118) is DENIED.

## BACKGROUND

On November 5, 2014, Defendant Travers was charged by a criminal indictment, which was superseded on April 8, 2015. (ECF Nos. 1, 33.) The twelve-count Superseding Indictment charged Travers with conspiracy and commission of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a), as well as two different firearms offenses. (ECF No. 33.) On August 10, 2015, he pled guilty to one count of conspiracy to commit Hobbs Act Robbery and one count of commission of Hobbs Act Robbery pursuant to a Rule 11(c)(1)(C) plea agreement. (ECF Nos. 59, 60.)

In the plea agreement, Travers made certain factual and guidelines stipulations. As to the facts, he stipulated that in March of 2014 he knowingly conspired with his co-Defendant Darryl Green to commit an armed robbery at the Refua Pharmacy in Baltimore, Maryland, and on March 19, 2014 they attempted to do so. (ECF No. 60.) Around 7:00 p.m. on that date, Travers drove his co-Defendant to the store and waited outside as the getaway driver. (*Id.*) While in the store, the co-Defendant Green pointed a long-barreled BB pistol at the employee and her baby, stating he would kill the baby and ordering the employee to move towards the cash register. (*Id.*) A panic alarm was activated, and the co-Defendant fled the store with Travers. (*Id.*) Travers stipulated that if the robbery had been completed, it would have affected interstate commerce, as Refua Pharmacy regularly engages in interstate commerce, including purchasing goods from out of state. (*Id.*) As to the Federal Sentencing

guidelines, Travers stipulated to a final base offense level of 29, or 30 if he was found to be a Career Offender. (*Id.*) The parties agreed to a range of sentence of 180 to 240 months of imprisonment. (*Id.*)

On November 12, 2015, this Court sentenced Travers to 180 months with credit for time served in Federal custody since December 11, 2014, and a total of 3 years of supervised release. (ECF No. 83.) Travers appealed that sentence on November 18, 2015. (ECF No. 86.) His appeal was voluntarily dismissed on February 9, 2016. (ECF No. 96.)

On May 22, 2020, Travers filed the presently pending *pro se* Motion for Compassionate Release in which he seeks his immediate release from custody on the basis of his age and various claimed health conditions. (ECF No. 118, supplemented by ECF No. 121.) That same day, the Clerk of this Court instructed Travers to submit certain information to the Office of the Federal Public Defender to facilitate its review of his case. (ECF No. 119.) On June 10, 2020, the Office of the Federal Public Defender filed correspondence with this Court indicating it would not be supplementing Travers' motion. (ECF No. 120.) Travers asserts that he is fifty years old and that he suffers from hypertension. (ECF No. 118.) He also asserts that he is obese and is pre-diabetic. (ECF No. 121.) He claims that such conditions place him at serious risk of becoming severely ill from COVID-19. Medical records submitted to this Court confirm that Travers does have hypertension and is considered obese with a body mass index of 35.1. (ECF No. 122 *SEALED*.)

## ANALYSIS

The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the

3

passage of the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Additionally, the Sentencing Commission has authorized the BOP to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. *Id.* § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the BOP's regulations constrain this Court's analysis. As Judge Catherine C. Blake of this

Court has recognized, the First Step Act embodies Congress's intent to reduce the BOP's authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020). Exercising that discretion, this Court has determined that a heightened susceptibility to COVID-19 may present extraordinary and compelling reasons for a sentence reduction. *See, e.g.*, *United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020).

The Government did not file a response to the Defendant's Motion, and therefore, has not contested that Travers' medical conditions present extraordinary and compelling reasons sufficient for this Court to consider his release. However, this Court has held that hypertension alone "does not constitute an extraordinary and compelling reason which justifies a reduction in sentence." *United States v. Joyner*, No. RDB-17-0483, 2021 WL 781701, at *3 (D. Md. Mar. 1, 2021) (citing *U.S. v. Thomas*, 471 F. Supp. 3d 745, 749 (W.D. Va. 2020)). Additionally, several district courts have held that obesity is not individually sufficient for a finding that there are circumstances akin to the "extraordinary and compelling reasons" which justify compassionate release.[1] *See, e.g.*, *United States v. Peaks*, No. 16-20460, 2020 WL 2214231 (E.D. Mich. May 7, 2020) (inmate with BMI of 44 and hypertension does not meet test for extraordinary and compelling circumstances). This Court is not persuaded that Travers'

---

[1] Judges of this Court have found extraordinary and compelling reasons for release during the COVID-19 pandemic where the defendants were obese. *See, e.g.*, *United States v. Collins*, PWG-17-0649, 2020 WL 3960831, at *4 (D. Md. July 13, 2020). However, such decisions are not binding in the case at hand. Further, in *Collins*, Judge Grimm of this Court acknowledged that other courts had found obesity to be only one contributing factor to a finding of extraordinary and compelling circumstances and that obesity alone was insufficient for such a finding. *Id.* at *3 (collecting cases).

claimed medical conditions present reasons sufficient for this Court to consider the relief requested. Nevertheless, even if Travers' medical conditions allow consideration of his Motion, this Court must find extraordinary and compelling circumstances, *as well as* that the Defendant would not pose "a danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(2), and that a reduction in sentence is consistent with the sentencing factors provided in 18 U.S.C. § 3553(a) in order to grant such Motion.

To determine whether a defendant poses a danger to the community, this Court must consider a number of factors, including (1) the nature and circumstances of the offense; (2) the weight of the evidence against him; (3) his history and characteristics; and (4) the nature and seriousness of the danger he would pose to others upon his release. *See* 18 U.S.C. § 3142(g). Analysis under 18 U.S.C. § 3553(a) involves consideration of some of the same factors. Under § 3553(a), the court considers (1) Travers' personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See Bryant*, 2020 WL 2085471 at *4.

Looking to each of these factors, this Court finds that a reduction in Travers' sentence is not warranted. The conduct of the offense to which the Defendant pled guilty was serious: Travers planned and participated in an armed robbery in which his co-Defendant threatened the life of a baby. The seriousness of the Defendant's crime warrants the sentence imposed,

6

and a reduction in that sentence would be inconsistent with the above-listed factors, as Travers has served less than half of that sentence. Further, Travers' criminal history is significant and includes multiple convictions including two previous convictions for robbery, as well as one conviction for second degree murder. (ECF No. 85.) Quite simply, Travers would still pose a danger to others if he were released. Moreover, the medical records submitted to this Court suggest that Travers' conditions are receiving attention from the BOP, and immediate release is not required.

## CONCLUSION

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 13th Day of April, 2021, that Defendant Travers' Motion for Compassionate Release (ECF No. 118) is DENIED.

_____/s/_____
Richard D. Bennett
United States District Judge